FILED
United States Court of Appeals
Tenth Circuit

May 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FARES ABDO BAYAZEED,

    Defendant-Appellant.

No. 12-6005
(D.C. Nos. 5:11-CV-00729-HE and
5:10-CR-00022HE-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, TYMKOVICH, GORSUCH**, Circuit Judges.

    Fares Bayazeed pled guilty in federal district court to one count of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1).  As part of his plea agreement, he waived his right to appeal or collaterally attack his guilty plea and sentence.  Regardless, Mr. Bayazeed brought a federal habeas petition under 28 U.S.C. § 2255 asserting several claims, including that he received ineffective assistance of counsel in making his plea.  The district court dismissed the petition after finding that Mr. Bayazeed's waiver of appellate rights

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was knowing and voluntary, that enforcing the waiver would not result in a miscarriage of justice, and that while Mr. Bayazeed's claims challenging the validity of his plea were not subject to the waiver, they were otherwise non-meritorious. The court also denied Mr. Bayazeed a certificate of appealability (COA). Before us, Mr. Bayazeed requests a COA in order to appeal the district court's decision.

We may grant this request, however, only if Mr. Bayazeed makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires he demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Bayazeed has not met this standard. A defendant's guilty plea, including a waiver of appellate and collateral attack rights, is enforceable when made knowingly and voluntarily. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). And Mr. Bayazeed averred to the district court both orally and in writing that the charges against him had been fully explained, that he understood the nature and consequences of his plea, and that he was not under threat or coercion. In his habeas petition, Mr. Bayazeed attempts to disavow these statements, claiming that his counsel did not adequately explain the nature

- 2 -

of the charges against him and that the prosecution coerced him into the plea agreement. But as the district court correctly observed, these conclusory assertions are not sufficient to create a genuine issue of fact as to the knowing and voluntary nature of his plea and waiver. We have recognized that it may be appropriate to disregard even a knowing and voluntary waiver when enforcement would result in a miscarriage of justice. *See id.* But there is no suggestion that would be the case here. Accordingly, Mr. Bayazeed's application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge